UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

VALSAN OF WESTCHESTER, INC. and
WESTCHESTER MALL ASSOCIATES
LIMITED PARTNERSHIP

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Valsan of Westchester, Inc. and Defendant Westchester Mall Associates Limited Partnership, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4.     Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5.     Defendant Valsan of Westchester, Inc. (also referenced as "Defendant Valsan of Westchester," "tenant," "operator," lessee" or "co-Defendant") is a Florida corporation. Valsan of Westchester, Inc. is part of a small regional chain of specialty variety department stores which serve the Latin community in South Florida.  Other Valsan brand stores are owned by related corporate entities.

6.     Defendant Westchester Mall Associates Limited Partnership (also referenced as "Defendant Westchester Partnership," "Lessor," "Owner," or "co-Defendant") is the owner of real property located at 8508 SW 24 Street, Miami, Florida 33155, which is also referenced as folio 30-4015-019-0030. Defendant Westchester Partnership's real property is built out as a strip mall. Westchester Partnership leases its strip mall (in part) to a Walmart Supercenter, a Walgreens pharmacy, a Wells Fargo Bank, and the Valsan department store which is the subject of this instant action.  The Valsan department store is the portion of Defendant Westchester Partnership's commercial property which is leased to co-Defendant Valsan of Westchester who in turn owns and operates its Valsan brand department store at that location.

## FACTS

7. Valsan is a Miami based variety department store chain which caters to the Latin community and which sells clothing, home goods, accessories, food products and novelties. All Valsan brand department stores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5) as an "other" sales establishment. The Valsan located at 8508 SW 24 Street which is the subject of this complaint is also referenced as "Valsan (department) store," "department store," or "place of public accommodation."

8. As the operator of a variety department store which is open to the public, Defendant Valsan of Westchester is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a retail store; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9. Due to the close proximity to Plaintiff's home to the Valsan store at 8508 SW 24 Street, on May 19, 2021 Plaintiff went to the Valsan store to shop for a variety of items.

10. On entering the Valsan store, Plaintiff had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

11. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access by the operator of the Valsan department store (Defendant Valsan of Westchester) and by the owner/lessor of the commercial property which houses the department store (Defendant Westchester Partnership).

12. On information and belief, Defendant Valsan of Westchester is aware of the ADA and the need to provide for equal access in all areas of its variety department store.

Therefore, Defendant Valsan of Westchester's failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Valsan department store is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

13. As the owner of a strip mall which houses (among other things) a Walmart Supercenter as well as a Valsan department store (which is the subject of this action) which are open to the public, Defendant Westchester Partnership is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of commercial property being used as a public accommodation, Defendant Westchester Partnership is aware of the ADA and the need to provide for equal access in all areas of its commercial property which is open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its commercial property is accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize the Valsan department store at 8508 SW 24 Street, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited the Valsan department store, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant Valsan of Westchester (operator of the Valsan department store located at 8508 SW 24 Street) and Defendant Westchester Partnership (owner/lessor of the 8508 SW 24 Street commercial property) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods,

services, facilities, privileges, advantages and/or accommodations at the subject Valsan department store, in derogation of 42 U.S.C. §12101 *et. seq*., and as prohibited by 42 U.S.C. §12182 *et. seq*. by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Valsan department store.

23. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial space which is owned by Defendant Westchester Partnership and which houses the Valsan department store (operated by Defendant Valsan of Westchester) is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA, and 28 C.F.R. §36.302 *et. seq.* As such, both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

   i. As to Defendant Valsan of Westchester (lessee/operator) and Defendant Westchester Partnership (owner/lessor of the property) (jointly and severally), Plaintiff had

        difficulty opening the door to the bathroom without assistance as the design and installation of the bathroom doors do not provide for the required distance between the doors in series. Doors that do not provide the required clearance between doors is a violation of Section 4.13.7 of the ADAAG and 404.2.6 of the 2010 ADA Standards for Accessible Design.

ii. As to Defendant Valsan of Westchester (lessee/operator) and Defendant Westchester Partnership (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Valsan of Westchester (lessee/operator) and Defendant Westchester Partnership (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can). The fact that the trash bin is encroaching over the accessible water closet clear floor space is a violation of Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible Design.

iv. As to Defendant Valsan of Westchester (lessee/operator) and Defendant Westchester Partnership (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 of the 2010 ADA Standards for Accessible

Design which states that the grab bar shall be 36 in (915 mm) minimum above the finished floor.

v. As to Defendant Valsan of Westchester (lessee/operator) and Defendant Westchester Partnership (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is not in the required location. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

vi. As to Defendant Valsan of Westchester (lessee/operator) and Defendant Westchester Partnership (owner/lessor of the property) (jointly and severally), Plaintiff could not effectively use the soap dispenser, as the soap dispenser is mounted over the rear wall grab bar at the wrong location.  This is in violation of Sections 609.3 of the 2010 ADA Standards for Accessible Design and Section 308.2.1, 2010 ADA Standards for Accessible Design which states that where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finished floor or ground.

vii. As to Defendant Valsan of Westchester (lessee/operator) and Defendant Westchester Partnership (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor,

        in violation of 2010 ADAAG §§604, 604.7 which states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

viii. As to Defendant Valsan of Westchester (lessee/operator) and Defendant Westchester Partnership (owner/lessor of the property) (jointly and severally), Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. The fact that the flush valve is not mounted in compliance is a violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards for Accessible Design.

ix. As to Defendant Valsan of Westchester (lessee/operator) and Defendant Westchester Partnership (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes (inside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

x. As to Defendant Valsan of Westchester (lessee/operator) and Defendant Westchester Partnership (owner/lessor of the property) (jointly and severally), Plaintiff could not

        use the lavatory mirror (inside the stall) as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

xi.    As to Defendant Valsan of Westchester (lessee/operator) and Defendant Westchester Partnership (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink (inside the stall) without assistance, as the lavatory sink does not provide the appropriate knee clearance of at least 27 in (685 mm) high 30 in (760 mm) wide, and 19 in 485 mm) deep underneath the sink, in violation of 28 C.F.R. Part 36, Section 4.24.3; 2010 ADA Standards for Accessible Design.

xii.    As to Defendant Valsan of Westchester (lessee/operator) and Defendant Westchester Partnership (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes (outside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

26.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendants are required to make the commercial property which is being operated as a Valsan department store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the 8508 SW 24 Street commercial property and the Valsan department store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Westchester Mall Associates Limited Partnership (owner of the commercial property at 8508 SW 24 Street) and Defendant Valsan of Westchester, Inc. (operator of the Valsan department store located within that commercial property) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property at 8508 SW 24 Street and the Valsan department store located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 17th day of June 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*